IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA J. THOMAS, Administratrix of the Estate of ANDRE THOMAS, deceased, on behalf of the Estate of ANDRE THOMAS, <br><br> Plaintiff <br><br> V. <br><br> BOROUGH OF SWISSVALE, DEBRA LYNN INDOVINA-AKERLY, CHARLES WATSON and JOHN DOE, <br><br> Defendants | ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) |

## CIVIL ACTION COMPLAINT

### I. INTRODUCTORY STATEMENT

1. Andre Thomas died shortly after being tasered three times in less than a minute and brutally beaten by officers of the Swissvale Borough Police Department on the night of August 4, 2008. At the time of the beating and multiple tasering that resulted in his death, Mr. Thomas had not been charged with and was not under arrest for the commission of any criminal offense.

2. This civil action is brought to establish the legal liability of those individuals whose violent actions and uncontrolled use of force caused Mr. Thomas's death. The suit also seeks to establish the responsibility of the municipal Defendant for its lack of proper training, supervision and oversight of its police officers in matters relating to the use of Tasers and other force.

1

3. The complained of practices, procedures and conduct of Defendants, as more fully described in the body of this Complaint, were violative of Mr. Thomas's rights as secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, insofar as that statute creates a cause of action to enforce the rights guaranteed by the Bill of Rights and Fourteenth Amendment to the United States Constitution.

4. Plaintiff seeks the full panoply of remedies available for the violation of Mr. Thomas's civil rights, including an award of declaratory and injunctive relief, compensatory and punitive damages and such other relief as is deemed necessary and appropriate.

## II. JURISDICTION

5. The court's jurisdiction to adjudicate the asserted federal claims is premised on 28 U.S.C. §§ 1331 and 1343, which give district courts jurisdiction over federal questions, as well as the authority to award appropriate relief from the violation, under color of state law, of any constitutional right or federal statute providing for the protection of civil rights.

6. Additionally, the court has jurisdiction to declare the rights of the parties to this action pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

7. The Plaintiff is Donna J. Thomas, Administratrix of the Estate of Andre Thomas, deceased.

8. Donna J. Thomas is the mother of the deceased, Andre Thomas. She is serving as the legal representative of her son's estate by virtue of the issuance of Letters of Administration by the Allegheny County Department of Court Records, Wills/Orphans' Court Division, for the Estate of Andre Thomas on August 29, 2008 at No. 020805355 of 2008.

9. Defendant Borough of Swissvale is a political subdivision of the Commonwealth of Pennsylvania existing and operating pursuant to the laws of the Commonwealth. The Borough of Swissvale is located in Allegheny County. The Borough's central administrative offices are located at 7560 Roslyn Street, Swissvale PA 15218.

10. Defendant Debra Lynn Indovina-Akerly is an adult individual. Defendant Indovina-Akerly's home address is unknown. Her business address is 7560 Roslyn Street, Swissvale PA 15218, where she works as a Borough of Swissvale police officer.

11. Defendant Charles Watson is an adult individual. Defendant Watson's home address is unknown. His business address is 7560 Roslyn Street, Swissvale PA 15218, where he works as a Borough of Swissvale police officer.

12. Defendant John Doe is an adult individual. Defendant John Doe's actual name and his home address are unknown. His business address is 7560 Roslyn Street, Swissvale PA 15218, where he works as a Borough of Swissvale police officer.

## IV. FACTS

13. Andre Thomas (hereinafter "Thomas") was a 37 year old man who lived on Manor Avenue in the Borough of Swissvale in August 2008.

14. Derrick Mitchell (hereinafter "Mitchell"), a close friend of Thomas's, picked Thomas up on Manor Avenue between 8:00 and 9:00 p.m. on the evening of August 4, 2008, and transported him to his own home in Braddock.

15. Thomas spent about two hours at the Mitchell home, socializing and playing with the Mitchell children.

16. Thomas asked Mitchell to drive him home at approximately 11:30 on August 4, 2008.

17. On the way to Swissvale, Thomas, who had recently been hospitalized for a kidney ailment and was taking several prescription medications, became agitated. He told Mitchell that they were being followed and that someone was after them.

18. Mitchell was able to calm Thomas and take him to Manor Avenue in Swissvale, where they arrived at approximately 11:40 p.m.

19. Thomas got out of the Mitchell vehicle and jogged toward the back door of his residence.

20. Thomas had not been violent and Mitchell, who returned home after seeing Thomas approach the rear entrance of his residence, thought Thomas's agitation may have been a reaction to his medication.

21. After Mitchell left the area, Thomas was observed and heard on the street by a number of neighbors. Thomas was yelling for help; begging that he not be harmed; and stating that he had no weapons.

22. A number of people thought that Thomas was being pursued and called 911.

23. Thomas was not violent and did not threaten anyone. His actions and statements clearly indicated that he was in distress and that he believed that he was in need of the assistance of those with whom he came into contact.

24. At least three Borough of Swissvale police officers, including the individual defendants, arrived on the scene within ten minutes of Thomas having been dropped off by Mitchell on Manor Avenue.

25. Thomas informed the officers that there was a man with a gun who was trying to kill him.

26. Thomas remained non-violent. He had neither committed nor been placed under arrest for the commission of a criminal offense by Defendants.

Two uniformed male Borough of Swissvale police officers, Defendants Charles Watson and John Doe, went to look for Thomas's reported assailant.

27. Defendant Indovina-Akerly, another uniformed Borough of Swissvale police officer who was dispatched to the scene, remained with Thomas.

28. One of the weapons with which Defendant Indovina-Akerly was armed was a Taser, a gun-like device that shoots wires with barbed ends into a victim's skin and then delivers a 50,000 volt electric shock designed to temporarily paralyze the person shot.

29. Although Thomas was not under arrest, Defendant Indovina-Akerly unholstered her taser, shot its barbs into Thomas's buttock and back and shocked him with 50,000 volts of electricity for five seconds.

30. Ten seconds after shocking Thomas, Defendant Indovina-Akerly delivered a second five second jolt of 50,000 volts to him.

31. Defendant Indovina-Akerly administered a third dose of current to Thomas twenty-three seconds later.

32. Thomas fell to the ground as a result of being shocked with 50,000 volts of current three times in less than a minute.

33. Defendants Watson and Doe returned to Defendant Indovina-Akerly and the three of them handcuffed Thomas while he was on the ground.

34. Thomas was positioned on the ground such that his head hung over the curb into the street.

35. Defendant Watson or Doe stomped on Thomas's back while he lay disabled on the ground from having been shocked three times with Defendant Indovina-Akerly's Taser.

36. The other male Defendant forcefully punched Thomas in and about the face while he remained handcuffed on the ground.

37. One of the Defendants stood on Thomas's back while his head hung over the curb into the street.

38. Following the electric shocks administered by Defendant Indovina-Akerly and the beating by Defendants Watson and Doe, Thomas was observed to vomit and then go still.

39. Thomas died from the injuries inflicted by Defendants at approximately midnight.

40. The individual Defendants' use of a Taser and other force were the direct and proximate cause of Thomas's death.

41. Defendant Indovina-Akerly's use of her Taser and her administration of repeated shocks to Thomas were unwarranted and excessive under the circumstances.

42. The punching, stomping and use of other brutal physical force by Defendants Watson and Doe on the prone and disabled Thomas were unnecessary, punitive, without lawful purpose and similarly excessive.

43. The individual Defendants were acting under color of state law at all times relevant to the events described in this Complaint.

6

44. The conduct of the individual Defendants, as described above, was intentional, reckless, willful, malicious and undertaken with deliberate disregard for the safety, welfare and rights of Thomas.

45. Defendant Borough of Swissvale did not take effective measures to protect the public, including Thomas, from individual Defendants whose violent propensities it knew or should have known about.

46. Upon information and/or belief, Plaintiff alleges Defendant Borough of Swissvale failed to properly train, educate, inform and instruct the members of its police department on the proper circumstances in which to use Tasers.

47. Upon information and/or belief, Plaintiff alleges that the Defendant Borough of Swissvale failed to properly train, educate, inform and instruct the members of its police department on the proper procedures for using Tasers.

48. Upon information and/or belief, Plaintiff alleges that Defendant Borough of Swissvale failed to properly train, educate, inform and instruct the members of its police department on an acceptable continuum of force.

49. Upon information and/or belief, Plaintiff alleges that Defendant Borough of Swissvale failed to adopt and implement policies and procedures regarding the use of Tasers and other force by its police officers.

50. The individual Defendants' use of Tasers and other force that caused the untimely death of Thomas was a direct and foreseeable consequence of the Borough of Swissvale's lack of training, failure to adopt and implement policies and procedures and failure to protect the public from one or more of the individual Defendants with known violent propensities.

51. Plaintiff avers that the conduct of the individual Defendants, as described above, was pursuant to the policies, practices, procedures and/or customs of Defendant Borough of Swissvale, which allowed its officers to use whatever level of force they, in their own subjective judgment, wished to inflict.

52. In light of the obvious and reasonably foreseeable consequences of the unregulated use of force, the failure of Defendant Borough of Swissvale to provide training to its officers, failure to adopt and implement policies and procedures and failure to protect the public from one or more individual Defendants with known violent propensities amount to deliberate indifference by the Borough to the rights, health, life and limb of those who come into contact with police officers.

53. As a direct consequence of Defendants' acts and omissions, as described above, Thomas endured great pain, suffering, distress, inconvenience, alarm, invasion of his bodily integrity and person as well as, ultimately, his death.

## V. LEGAL CLAIMS

### FIRST CAUSE OF ACTION - FOURTH AMENDMENT
(All Defendants)

54. Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of Thomas's rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution. Said rights, privileges and immunities include the right to bodily integrity, the right to be free from excessive force and the right to be free from unreasonable searches and seizures.

## SECOND CAUSE OF ACTION - DUE PROCESS
### (All Defendants)

55. As a direct and proximate result of Defendants' actions and omissions, as more fully described in the factual component of this Complaint, Thomas was killed.

56. Thomas's death was effectuated by Defendants in the absence of due process.

57. Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of a rights, privileges and/or immunities guaranteed by the Fourteenth Amendment to the United States Constitution. Said rights, privileges and/or immunities being the right not to be deprived of one's live in the absence of due process of the law.

## THIRD CAUSE OF ACTION - FAILURE TO TRAIN, ENACT AND IMPLEMENT POLICIES AND SUPERVISE
### (Borough of Swissvale)

58. The failure of Defendant Borough of Swissvale to train police officers in the proper circumstances and procedures for using Tasers and other force and its failure to supervise its officers in this regard constitutes deliberate indifference to the rights of those who come into contact with the police.

59. Thomas's death was the direct and proximate result of Defendant Borough of Swissvale's failure to provide training and supervision to its police officers.

60. The need for training and supervision of Borough police officers was and/or should have been plainly obvious to Borough policymakers.

61. Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of the rights, privileges and immunities guaranteed by the

Fourth and Fourteenth Amendments to the United States Constitution. Said rights, privileges and/or immunities include the right to bodily integrity, the right to be free from excessive force, the right to be free from unreasonable searches and seizures and the right not to be deprived of one's live in the absence of due process of the law.

## VI.  PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court:

1. exercise jurisdiction over this action;

2. issue appropriate declaratory relief to the effect that Defendants violated Mr. Thomas's civil rights;

3. award appropriate compensatory damages against all Defendants;

4. award appropriate punitive damages against the individual Defendants; and

4. grant such other relief as may be appropriate, including the award of reasonable attorneys' fees, litigation expenses, and costs.

Date: July 30, 2009                             Respectfully submitted,


                                                S/ Howard F. Messer
                                                HOWARD F. MESSER
                                                Pa. I.D. No. 10023
                                                100 Ross Street, Suite 101
                                                Pittsburgh, PA 15219
                                                (412) 281-7200


                                                S/ Jon Pushinsky
                                                JON PUSHINSKY
                                                Pa. I.D. No. 30434
                                                1808 Law & Finance Building
                                                429 Fourth Avenue
                                                Pittsburgh, PA 15219
                                                (412) 281-6800

                                                Lawyers for Plaintiff